**Varuzh ABRAHAMYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72817.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 20, 2007.

Haleh Mansouri, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Anh–Thu P. Mai, Esq., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Petitioner Varuzh Abrahamyan, an Iranian native and Armenian citizen, seeks review of the decision by the Board of Immigration Appeals ("BIA"). The BIA dismissed Abrahamyan's appeal from the Immigration Judge's ("IJ") denial of an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.[1]

The BIA's decision relied on the IJ's reasoning and reviewed the IJ's factual findings for clear error. *See* 8 C.F.R. § 1003.1(d)(3). We look to the IJ's decision "as a guide to what lay behind the BIA's conclusion," *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000), and review the IJ's findings for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). We will grant the petition for review only if the evidence compels a contrary conclusion. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir.2006).

Abrahamyan fails to show that a different method of translation "would have made a difference in the outcome of the hearing." *Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994) (internal quotations omitted).[2] The record demonstrates that Abrahamyan received "a fair opportunity to relate [his] version of events." *Id.* We cannot conclude that "faulty translation influenced the outcome of the proceedings." *Id.*

The inconsistencies upon which the IJ based his adverse credibility finding cannot be blamed on inadequate translation. Because these discrepancies relate to the basis for Abrahamyan's alleged fear of persecution, substantial evidence supports the IJ's adverse credibility finding. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003). Abrahamyan has not met his burden to show that "no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Abrahamyan is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Abrahamyan's claim for CAT relief fails because he has not provided credible evidence that it is more likely than not that he will be tortured if he returns to Armenia. *See Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Abrahamyan's pending motion to file a late reply brief is GRANTED.

2. We reject the government's contention that Abrahamyan waived his due process argument by failing to raise the matter in his appeal to the BIA. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc).